UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE GRADY FELDER                                               CASE NO.: 04-11665

MEMORANDUM OPINION

Debtor Grady Felder moves to modify a confirmed plan as a result of an increase in monthly mortgage payments triggered by an adjustment in his mortgage obligation. Under the modified plan (designated the Fourth Amended Chapter 13 Plan), the debtor's monthly plan payments to unsecured claims, of which ExxonMobil holds approximately ninety-five percent, decline from $347.06 to $245.00.

The court confirmed Felder's third amended plan on June 16, 2005, only a few months before he filed the plan under consideration here.

The debtor's principal unsecured creditor, ExxonMobil Savings Plan ("ExxonMobil"), objects to the plan. ExxonMobil's $65,000 unsecured claim against Felder is based on a July 8, 2003 judgment of the United States District Court for the Middle District of Louisiana holding that the debtor had converted 756 shares of ExxonMobil stock.

The trustee has not objected to the modified plan.

FACTS

Felder's sojourn through the bankruptcy court started with a chapter 7 filing on October 29, 2003.[1] After ExxonMobil sued for a declaration that the debtor's liability to

---

[1] Case no. 03-13464, filed October 29, 2003.

it was nondischargeable under 11 U.S.C. §523(a), the debtor converted his case to a chapter 13 proceeding.[2] A few weeks later, Felder moved to dismiss the case, his motion reciting that he had fallen behind in plan payments because he had not been able to find full-time work and because of "unanticipated expenses" that the motion did not identify. ExxonMobil did not object to the April 6, 2004 dismissal.[3]

Only a few weeks after he left the bankruptcy court's embrace, Felder again sought its protection when he filed this case on May 19, 2004. It is this case in which Felder seeks to confirm a modified plan. This is the debtor's second post-confirmation plan modification since his original plan was confirmed October 27, 2004. He filed a proposed modification in May 2005,[4] which the court confirmed in June 2005.[5] That plan was modified because the debtor's mortgage loan rate had adjusted upward, increasing his mortgage payment and thus reducing the distribution to unsecured creditors.[6] ExxonMobil did not object to the plan, but its tolerance for reduction in its distribution apparently has been exhausted with this proposed modification, in part because it foresees semi-annual reductions in its plan distributions unless the debtor's income increases substantially.

---

[2] Order Converting Case Under Chapter 7 to Case Under Chapter 13, Case no. 03-13464, P-11, January 15, 2004.

[3] The trustee and a secured creditor already had objected to the debtor's proposed plan in that case. ExxonMobil had not objected to confirmation, but the time for plan objections had not yet run by the date the case was dismissed.

[4] Third Amended Chapter 13 Plan (P-29), filed May 13, 2005.

[5] Order dated June 16, 2005 (P-32).

[6] Motion for Modification of Chapter 13 Plan (P-27), filed May 13, 2005.

2

ANALYSIS

ExxonMobil initially objected (P-37) to the modified plan on the ground that it does not meet the requirements of 11 U.S.C. §1329(b). ExxonMobil contended that Felder was not in good faith, that the plan was not feasible, that the plan's term was too long and also that the debtor failed to demonstrate that the plan was in the best interest of the creditors. In its later supporting memorandum (P-42) and at argument on January 25, 2006,[7] ExxonMobil narrowed its objection to just two issues: feasibility and plan duration.

Bankruptcy Code section 1329[8] governs modification of a previously-confirmed chapter 13 plan. Section 1329(a) allows the debtor to modify a confirmed plan to increase or reduce the amount of payments on claims of a particular class provided for by the plan. However, section 1329(b)(1) requires that a modified plan, to be confirmable, fulfill all the requirements set out in 11 U.S.C. §1325(a) for confirming an original plan. Like the original plan, the amended plan must be feasible. 11 U.S.C. §1325(a)(6) (requiring that the debtor be able to make all plan payments). Confirmation of a modified plan requires analysis almost identical to that required to confirm an initial plan.

---

[7] In colloquy with ExxonMobil's counsel at the January 25, 2006 hearing, the court was reminded of its prior ruling that debtor was not presumed to be lacking in good faith solely because he filed chapter 13 to avoid a dischargeability contest in his chapter 7 liquidation, and did not urge lack of good faith as a basis for denying confirmation. Notwithstanding, the Court does not rule out the possibility that debtor may not be in good faith for other reasons. In any case, no party offered evidence at the January 25, 2006 hearing.

[8] 11 U.S.C. §1329 provides: "(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to -- (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time for such payments …."

The debtor, as the proponent of the modified plan in this case, bears the burden of proving that the modified plan complies with sections 1325(a) and 1322(a) and (b).  11 U.S.C. §1329(b); *In re Nelson*, 189 B.R. 748 (Bankr. D. Minn. 1995).

The court considers the Fourth Amended Plan in light of these principles.

I. The Debtor has not Proven the Fourth Amended Plan is Feasible

ExxonMobil argues that Felder's Fourth Amended Plan is not feasible.  It contends that the debtor surely will require further plan modifications, because his mortgage debt rate adjusts semi-annually, thereby increasing his mortgage payment and changing (presumably reducing) his disposable income.  ExxonMobil also argues that increase in a mortgage payment on an adjustable rate mortgage will not justify plan modification, because it is not a "substantial, unanticipated change in circumstances…." *In re Perkins*, 111 B.R. 671, 673 (Bankr. M.D. Tenn. 1990).

Section 1325(a)(6) prohibits confirmation of a plan unless the debtor has demonstrated that he can make all payments required by the plan.[9]  *See In re Barnes*, 275 B.R. 889, 899 (Bankr. E.D. Cal. 2002) (debtor's plan not feasible because debtor's schedules showed that no disposable income was available to fund the plan payments).

Felder offered no evidence to prove feasibility of his plan.  Even though the trustee did not object to the plan, the lack of an objection by the trustee is not the equivalent of evidence supporting confirmation under 11 U.S.C. §1329 in the face of a creditor's objection.

---

[9]  11 U.S.C. §1325(a)(6): "(a) Except as provided in subsection (b), the court shall confirm a plan if -- (6) the debtor will be able to make all payments under the plan and to comply with the plan …."

4

      II.      <u>ExxonMobil Cannot Object to the Plan's Length</u>

Although the debtor's plan fails for lack of evidence, the court will address the issue of plan duration.

ExxonMobil contends that the modified plan should not be confirmed because it extends payments for sixty months, instead of the thirty-six month period in the earlier confirmed plan. However, the record of the case reflects that the issue of the length of the plan was resolved long ago. Specifically, the Second Amended Chapter 13 Plan filed October 14, 2004, and confirmed October 27, 2004 over ExxonMobil's objection, was a sixty month plan. ExxonMobil's acquiescence in that plan estops it from challenging a modified plan with the same duration as the prior plan.[10]

<u>Conclusion</u>

Felder had the burden of proving that his modified plan meets the requirements set forth in the Bankruptcy Code for confirmation. He submitted no evidence in support of the modification.

Felder has not carried his burden of proving that the Fourth Amended Chapter 13 Plan meets the requirements of 11 U.S.C. §1329.

ExxonMobil's Objection to the Modified Plan is sustained and the debtor's Fourth Amended Chapter 13 Plan is disapproved.

Baton Rouge, Louisiana, March 31, 2006.

<b>s/ Douglas D. Dodd</b><br>DOUGLAS D. DODD<br>UNITED STATES BANKRUPTCY JUDGE

---

[10] 11 U.S.C. §1327(a): "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."